IN THE MATTER OF: COMPUTER TECHNOLOGY CORPORATION

No. 8526SC350

(Filed 20 May 1986)

**Criminal Law § 80.2; Process § 6— order to make records available to prosecutor—
sufficient showing**

    Evidence of fraud and irregularities in the purchasing of electronic and
computer parts, equipment, and services by the City of Charlotte was suffi-
cient to show reasonable grounds to suspect that a violation of the criminal
law occurred and that the records sought from a company dealing in computer
systems and electronic equipment were likely to bear upon the investigation of
the crime, and the trial court could therefore properly order that the re-
quested records be made available to the district attorney.

ON rehearing pursuant to the 18 February 1986 Order of the
Supreme Court of North Carolina directing that this cause be re-
considered in light of *In re Superior Court Order*, 315 N.C. 378,
338 S.E. 2d 307 (1986). Originally heard in the Court of Appeals 17
October 1985.

The Charlotte Police Department initiated an investigation
into the possibility of fraud and irregularities in the purchasing of
electronic and computer parts, equipment, and services by the
City of Charlotte. In furtherance of that investigation, the
District Attorney sought an *ex parte* order from the superior
court directing officials of Computer Technology Corporation
(hereinafter Computer Technology) to make available records per-
taining to its transactions with two other corporations and the
City of Charlotte. The District Attorney gave as grounds that the
records were "necessary to the investigation [and] . . . for a prop-
er administration of justice." Based on the verified petition and
an attached affidavit, the court found that the best interest of law
enforcement and the administration of justice required the pro-
duction of the information. The court therefore ordered Computer
Technology to make available the requested records.

This process was subsequently served on an official of Com-
puter Technology on 1 February 1985. Through a motion filed 4
February 1985, Computer Technology sought a stay of the order.
The motion was denied. Computer Technology then timely filed
notice of appeal and sought from this Court a temporary stay and
a writ of supersedeas which were allowed. On 17 December 1985,

this Court filed an opinion in this cause affirming the superior court and dissolving the writ of supersedeas. 78 N.C. App. 402, 337 S.E. 2d 165 (1985). This decision was based upon *In re Superior Court Order*, 70 N.C. App. 63, 318 S.E. 2d 843 (1984), in which this Court had held that a superior court, as a court of general jurisdiction, possesses the inherent power under the common law to issue a subpoena duces tecum where the interests of justice so required. On 7 January 1986, the Supreme Court reversed this Court's opinion in *In re Superior Court Order* and held that though a superior court does possess the inherent power to issue a subpoena duces tecum, the State had presented insufficient facts to show reasonable grounds to suspect a crime had been committed and that the records sought were likely to bear upon the investigation of that crime. On 18 February 1986, the Supreme Court remanded this cause of action for reconsideration in light of the *In re Superior Court Order* decision.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Daniel C. Higgins, for the State.*

*Cassts evens, Hanner & Gunter, by Nelson M. Casstevens, Jr., Marc R. Gordon and W. David Thurman, for appellant.*

ARNOLD, Judge.

The Supreme Court in *In re Superior Court Order* provided that for the court to issue an order such as the one in this case, the State "must present to the trial judge an affidavit or similar evidence setting forth facts or circumstances sufficient to show reasonable grounds to suspect that a crime has been committed, and that the records sought are likely to bear upon the investigation of that crime." 315 N.C. at 381, 338 S.E. 2d at 310. The court reasoned that with this minimum evidence before it, "the trial court can make an independent decision as to whether the interests of justice require the issuance of an order rather than relying solely upon the opinion of the prosecuting attorney." *Id.*

In this case, we have examined the petition by the district attorney and the affidavit of an investigator with the Charlotte Police Department. Both the petition and the affidavit were submitted to the superior court for its consideration. The affidavit sets forth the following: John I. Clark was employed by the City of Charlotte as a supervisor in the Department of Transportation.

His duties included writing specifications for computers and traffic control devices to be purchased by the City of Charlotte. Clark owned 100 percent of Digital Dynamics Corporation (hereinafter Digital Dynamics), a corporation dealing in electronic equipment. Clark was also the dealer for another such company, Alpha Micro Systems. Richard A. Archer was hired as an employee and officer of Digital Dynamics, and he also formed another corporation, Computer Technology, to deal in computer systems and electronic equipment. Archer began to sell parts, equipment, and services to the City of Charlotte through Computer Technology. The parts and equipment purchased from Computer Technology by the City came from Alpha Micro Systems through its local dealer Digital Dynamics.

We believe this affidavit provides sufficient facts and circumstances to show reasonable grounds to suspect a violation of the criminal law, including but not limited to G.S. 14-353, and that the records sought are likely to bear upon the investigation of the crime. The State presented sufficient evidence to enable the trial court to make an independent decision as to whether the interests of justice required the issuance of the order, and we therefore affirm the order of the trial court.

The other aspects of our previous opinion in this cause are not affected by the Supreme Court's ruling in *In re Superior Court Order*.

Affirmed.

Judges WELLS and MARTIN concur.